**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **GLENN HANCOCK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-498 (MTT)** |
| | ) | |
| **CARLOS DUFFEY, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Pro se Plaintiff Glenn Hancock claims the Defendants violated the Fourth

Amendment by using automated traffic cameras to conduct surveillance without a

warrant or individualized suspicion. ECF 24. The Defendants have moved to dismiss.

ECF 25. For the following reasons, the Defendants' motion to dismiss (ECF 25) is

**GRANTED**.

## I. BACKGROUND

Hancock is a Georgia citizen "who regularly travels on public roads within the

City of Jackson." ECF 24 ¶ 1. On June 2, 2025, the Jackson, Georgia, Police

Department issued a written warning to Hancock for exceeding the speed limit in a

school zone. *Id.* ¶ 6; 26-1. Hancock alleges the warning was processed through an

automated traffic camera system, which photographed Hancock's vehicle, read

Hancock's license plate, accessed Hancock's identity and address through the Georgia

Department of Motor Vehicles' database, created a record linking Hancock's identity "to

a specific location and time," and "[t]ransmitted Hancock's personal information to Blue Line Solutions, a private Tennessee corporation." *Id.* ¶¶ 7(a)-(e).

According to Hancock, the school zone camera that captured his traffic violation is not the Defendants' only surveillance system. *Id.* ¶ 9. Hancock alleges "[i]t has become impossible to travel through the City of Jackson without being surveilled by FLOCK cameras, ALPR[1] systems installed in police vehicles, school zone cameras, and red light cameras." *Id.* "The cameras video all passing vehicles, read license plates, and access DMV databases to identify vehicle owners." *Id.* ¶ 23. The Defendants allegedly contracted with Blue Line Solutions to operate the cameras "in exchange for 40% of citation revenue." *Id.* ¶ 22. Hancock alleges he "cannot avoid the surveillance without either committing a crime (removing his license plate) or foregoing the use of public roads." *Id.* ¶ 14.

Hancock filed his complaint on October 27, 2025, in the Superior Court of Butts County against Carlos Duffey, the Mayor of Jackson; Matthew Garrison, the Jackson Police Chief; and the City Council of Jackson, asserting a claim under 42 U.S.C. § 1983 for a violation of the Fourth Amendment. ECF 2-2 at 2-36. In his original complaint, Hancock sought declaratory judgment, injunctive relief, and damages. *Id.* at 32-34. The Defendants removed the action to this Court on November 13, 2025, and moved to dismiss Hancock's complaint on November 18, 2025. ECF 2; 4. In response to the Defendants' first motion to dismiss, Hancock amended his complaint. ECF 9. In his first amended complaint, Hancock elected to seek injunctive and declaratory relief only, and he stated that he brings his claim directly under the Fourth Amendment, rather than §

---

[1] ALPR stands for Automated License Plate Recognition.

1983. ECF 9 at 1-2. Hancock's first amended complaint also omitted earlier allegations that he had received a warning ticket from a Jackson school zone camera. *See* ECF 9. On December 9, 2025, the Defendants filed a second motion to dismiss, arguing, among other things, that the first amended complaint failed to allege an injury sufficient to confer Article III standing. ECF 10 at 2-3. Due to Hancock's pro se status, the Court allowed him to amend his complaint a second time to allege an injury. ECF 19. Hancock filed his second amended complaint on February 24, 2026. ECF 24. The next day, the Defendants filed a supplemental motion to dismiss. ECF 25. The Defendants have also moved to strike Hancock's second amended complaint and his response to their supplemental motion to dismiss. *Id.*; 29 at 1-2.

In his second amended complaint, Hancock asserts a Fourth Amendment claim directly under the Constitution, claiming that the City of Jackson's automated traffic cameras violate the Fourth Amendment's prohibition against unreasonable searches by conducting surveillance without a warrant or individualized suspicion. ECF 24 ¶¶ 26-31. Hancock seeks only injunctive relief and declaratory judgment. *Id.* ¶¶ 29, 31. In his response brief, Hancock moves to strike the Defendants' supplemental motion to dismiss. ECF 28 at 2-3.

## II. STANDARD

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss claims for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). The Defendants argue that the Court lacks subject

matter jurisdiction because Hancock does not have standing to bring his Fourth Amendment claim. ECF 25-1.

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) generally takes one of two forms—a facial attack or a factual attack. *Garcia v. Copenhaver, Bell & Assocs. M.D.'s*, 104 F.3d 1256, 1260-61 (11th Cir. 1997). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id*. at 1233. The parties have not introduced any material extrinsic to the pleadings, and the Court will look only to the complaint to determine whether there is jurisdiction.

## B. Failure to State a Claim

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of

-4-

being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

Both parties have moved to strike various pleadings for failure to comply with the Court's orders. ECF 25-1 at 1-2; 27 at 1-2; 29 at 1-2. The Defendants also argue that Hancock's complaint must be dismissed because (1) he lacks standing to sue for a Fourth Amendment violation, (2) he fails to state a claim, and (3) the municipal defendants sued in their individual capacities are entitled to qualified immunity.[2] ECF 25-1 at 2-7.

---

[2] The Defendants also contend Hancock's complaint should be dismissed as a shotgun pleading. After review of Hancock's complaint, the Court finds that it does not contain any characteristics of the typical shotgun pleading and that it is sufficient to put the Defendants on notice of the claims brought against them. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (identifying "four rough types or categories of shotgun pleadings.") (citation modified)). Thus, Hancock's complaint does not violate Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.

**A. Motions to Strike**

The Defendants argue Hancock's second amended complaint exceeds the scope of the Court's Order to amend, which stated: "[l]eave to amend is granted solely to allege … injury." ECF 19. Hancock contends that the Defendants' supplemental motion to dismiss exceeds the scope of the Court's Order authorizing such a motion because the Defendants reasserted previously made arguments rather than supplementing their arguments. ECF 27 at 2-3. The Court finds that neither Hancock's second amended complaint nor the Defendants' supplemental motion to dismiss exceeds the scope of the Court's authorization. Finally, the Defendants move to strike Hancock's response brief as untimely. ECF 29 at 1-2. Although Hancock's response brief was untimely, given the leniency afforded to pro se plaintiffs and Hancock's explanation that he did not realize an immediate response was required absent direction from the Court, the Court will consider the merits of the arguments made in Hancock's response brief. *See* ECF 28 at 2; *see also Tannenbaum v. United States of America*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). The Defendants' motions to strike (ECF 25; 29) and Hancock's motion to strike (ECF 27) are **DENIED**.

**B. Standing**

As explained below, Hancock has failed to state a claim because he cannot assert a claim directly under the Constitution. Nonetheless, the Court must resolve standing before deciding the merits. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007) (citations omitted). To establish Article III standing, "a plaintiff must demonstrate (1) an injury-in-fact; (2) a causal

connection between the asserted injury-in-fact and the defendant's actions; and (3) that 'the injury will be redressed by a favorable decision.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)).

The Defendants argue Hancock lacks standing under Article III because "[h]e was neither stopped, charged with a crime, assessed a penalty, or sued," and, thus, "has no injury that could be redressed by a favorable decision." ECF 25-1 at 2-4. Then, in their reply brief, the Defendants claim Hancock has abandoned any previously asserted injury because he believes the surveillance, and not his receipt of a warning citation itself, is a sufficient injury-in-fact. ECF 29 at 6. The Defendants are correct that surveillance is the only injury asserted. However, the fact that an individual is subject to government surveillance *can* be a sufficient injury in fact to challenge the constitutionality of that surveillance. *See American Civil Liberties Union v. Clapper*, 785 F.3d 787, 801 (2d Cir. 2015) (holding in the Fourth Amendment context that "appellants surely have standing to allege injury from the collection, and maintenance in a government database, of records relating to them"); *see also Schuchardt v. President of the United States*, 839 F.3d 336, 343-54 (3d Cir. 2016); *Wikimedia Foundation v. National Security Foundation*, 857 F.3d 193, 207-11 (4th Cir. 2017). Although this argument cannot, at this stage, carry the day, the Court must still determine whether Hancock has otherwise alleged facts sufficient for Article III standing. *Florida Ass'n of Medical Equipment Dealers, Med-Health Care v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999) ("[E]very court has an independent duty to review standing as a basis for jurisdiction.").

Here, Hancock seeks injunctive relief based on two types of surveillance: (1) the surveillance that resulted in his photograph being displayed on a warning ticket he received; and (2) the surveillance that results from the alleged city-wide network of traffic cameras in Jackson. ECF 24 ¶¶ 6-7; 9-11. Based on those alleged injuries, Hancock seeks the following relief:

1. A declaration that the Defendants' automated surveillance system violates the Fourth Amendment;
2. An injunction prohibiting Defendants from operating automated surveillance without a warrant or individualized suspicion;
3. An injunction ordering removal of the surveillance cameras;
4. An injunction ordering deletion of all data collected on Plaintiff[.]

ECF 24 at 5.

First, Hancock has, again at this stage, plausibly alleged an injury-in-fact sufficient to confer standing to challenge the government's documented surveillance of his vehicle. Hancock alleges that his vehicle was photographed by a Jackson school zone camera, resulting in a warning citation. *Id.* ¶ 6. The warning citation, attached as an exhibit to the second amended complaint, shows that his vehicle was subject to photographic surveillance. ECF 24-1. Having alleged that his location data was collected and stored by the City, Hancock has alleged an injury-in-fact sufficient to confer standing to challenge the constitutionality of that surveillance and the City's retention of his location data.

That conclusion is consistent with other district courts that have addressed whether a plaintiff has standing to challenge the government's use of ALPR systems. For example, in *Scholl v. Illinois State Police*, the Northern District of Illinois held that Plaintiffs who regularly drive on Illinois roads had standing to challenge the "collection, and maintenance in a government database, of records relating to them" arising from

use of ALPR systems. 776 F. Supp. 3d 701 (N.D. Ill. Mar. 31, 2025) (quoting *Clapper*, 785 F.3d at 801-02). Similarly, in *Schmidt v. City of Norfolk*, the Eastern District of Virginia held that the Plaintiff had standing to challenge the collection and storage of images of their vehicle, where it was undisputed that the Plaintiff's vehicle was, in fact, photographed by an ALPR camera. 2025 WL 410080, at *8 (E.D. Va. Feb. 5, 2025). Like the Plaintiffs in *Scholl* and *Schmidt*, Hancock has alleged an injury sufficient to allow him to challenge the collection and storage of images of *his* vehicle in connection with his warning citation.

The Court now turns to Hancock's requests for a city-wide injunction ordering the "removal of all license plate surveillance cameras operated under the Defendants' authority," the prohibition of any "automated license plate surveillance systems without a warrant or individualized suspicion," and a declaration that the city-wide surveillance system violates the Fourth Amendment. ECF 24 at 5. It is unclear whether Hancock's alleged injuries are sufficient to confer standing for such broad relief. Again, to establish an injury-in-fact sufficient for injunctive relief, Hancock must "allege … a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). Moreover, under prudential standing principles, Hancock's injuries must be more than the "generally available grievance[s] about government" that are not permitted under Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992); *see Wood v. Raffensperger*, 981 F.3d 1307, 1315 (11th Cir. 2020) ("[T]he Supreme Court has made clear that a generalized grievance, no matter how sincere, cannot support standing." (citation modified)). Hancock's second amended complaint does not specify how many

cameras exist within the city of Jackson, where those cameras are located, or how many of the alleged cameras he regularly drives past. Thus, the Court questions whether Hancock is or will be subject to surveillance sufficient to confer standing to challenge Jackson's entire license plate surveillance system.

However, the Court recognizes that, at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, [courts] 'presume that general allegations embrace those specific facts that are necessary to support the claim.'"[3] *Lujan*, 504 U.S. at 561 (citation modified). Hancock alleges that he "regularly travels on public roads within the City of Jackson," that "[i]t has become impossible to travel through the City of Jackson without being surveilled by" automated surveillance cameras, and that he "must travel through the surveillance zones." ECF 24 ¶¶ 1, 9, 12. That is arguably enough at this stage. Thus, the Court concludes that Hancock's complaint plausibly alleges an injury-in-fact sufficient to challenge the City of Jackson's automated license plate surveillance system as a whole.

## C. Failure to State a Claim

To the extent Hancock has standing to assert a Fourth Amendment claim, that claim must be dismissed because he cannot assert his claim directly under the Constitution. Again, Hancock expressly abandoned his § 1983 claim in his first amended complaint, and he continues to argue that he is not required to assert claims

---

[3] "As the Supreme Court has explained, a plaintiff must offer more to support its standing at each successive stage of the litigation. A more demanding approach is appropriate at the summary judgment stage, but is not warranted before discovery at the motion to dismiss stage." *Tokyo Gwinnett, LLC v. Gwinnett County, Ga.*, 940 F.3d 1254, 1266 (11th Cir. 2019) (internal citation omitted); *see also Scott v. City of Daytona Beach, Fla.*, __ F.4th __, 2026 WL 1830927, at *5 (11th Cir. 2026) ("Each standing requirement 'must be supported … with the manner and degree of evidence required at the successive stages of litigation.'").

under § 1983 because he seeks only injunctive and declaratory relief. ECF 9 at 1; 27 at 7.

A citizen generally does not have a direct action under the United States Constitution against state officers. *See Cannie v. Eler*, 2022 U.S. App. LEXIS 21041, at *10-11 (11th Cir. 2022) ("As the Magistrate Judge and the district court correctly recognized, federal constitutional provisions such as the Fifth and Sixth Amendments do not give rise to a direct cause of action or a free-standing claim against an individual who allegedly violates those provisions."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."). That is particularly true when a plaintiff has an available statutory remedy. For example, in *Williams v. Bennett*, the Eleventh Circuit held that a district court did not err when it refused to instruct the jury on the plaintiff's alleged "direct action under the Eighth Amendment" because "section 1983 … provide[d] an adequate substitute for direct action under the eighth and fourteenth amendments." 689 F.2d 1370, 1370 (11th Cir. 1982) ("[W]e conclude that the effectiveness of [the Plaintiff's] claim under section 1983 precludes the implication of a direct constitutional action under the eighth and fourteenth amendments against state officials."). Like the plaintiff in *Williams*, Hancock has an available Fourth Amendment claim under § 1983. Thus, under *Williams*, Hancock cannot recover directly under the Fourth Amendment. *See Handlon v. Google, Inc.*, 2024 WL 4824355, at *1 (11th Cir. 2024) ("[T]he Fifth and Sixth Amendments do not give rise to a freestanding claim.").

-11-

Hancock argues that he can bring his claim directly under the Fourth Amendment because, under *Ex Parte Young*, 209 U.S. 123 (1908), "federal courts may enjoin state officials without any statutory vehicle." ECF 27 at 7. The Supreme Court in *Ex Parte Young* did not hold that an independent cause of action exists directly under the Constitution for injunctive relief. *Id.* Rather, the Court held that Eleventh Amendment immunity does not deprive Federal Courts of jurisdiction to enjoin state officers from unconstitutional conduct. *Id.* at 156-68. Hancock also cites *Verizon Maryland, Inc. v. Public Service Commission*, 535 U.S. 635, 645 (2002) and *Green v. Mansour*, 474 U.S. 64, 68 (1985). But again, those cases did not address whether there is an independent cause of action directly under the Constitution for injunctive relief. In *Verizon Maryland*, the Supreme Court held that under *Ex Parte Young*, the district court had jurisdiction to enjoin state officials sued in their official capacity from enforcing a state law that was preempted by federal law. 535 U.S. at 648. And in *Green*, the Supreme Court reiterated that the Eleventh Amendment does not prevent courts from granting an injunction to prevent a continuing violation of federal law, stating that "the availability of prospective relief of the sort awarded in *Ex Parte Young* gives life to the Supremacy Clause." 474 U.S. at 68. Hancock cites no authority, and the Court finds none, that allows for a direct constitutional claim under the Fourth Amendment when a viable claim exists under § 1983.

Accordingly, Hancock has failed to state a claim, and his Fourth Amendment claim is **DISMISSED without prejudice**.[4]

---

[4] The individual Defendants also argue that they are entitled to qualified immunity. ECF 25-1 at 5-6. However, Hancock seeks only injunctive and declaratory relief, and claims for injunctive relief are not barred by qualified immunity. ECF 24 at 5; *Fortner v. Thomas*, 983 F.2d 1024, 1029 (11th Cir. 1993)

-13-

## IV. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss (ECF 25) is

**GRANTED,** and Hancock's complaint is **DISMISSED without prejudice.** Additionally,

the parties' motions to strike (ECF 25; 27; 29) are **DENIED**. The Defendants' prior

motions to dismiss (ECF 4; 10) are **TERMINATED as moot**.

**SO ORDERED**, this 22nd day of July, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

("[T]he district court erred in dismissing the appellants' claims for injunctive relief based on qualified immunity.").